Richard E. WILES, Jr., and Constance K. Wiles, Appellants,

v.

UNITED STATES of America, Appellee.

Brooks C. NOAH and Mary Ann Noah, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 6841, 6842.

United States Court of Appeals Tenth Circuit.

Dec. 6, 1962.

Elmer B. Hodges, Kansas City, Mo. (John K. Dear, Kansas City, Kan., and John H. Foard, Kansas City, Mo., on brief), for appellants.

Abbott M. Sellers, Washington, D. C., (John B. Jones, Jr., Lee A. Jackson, David O. Walter and Ralph A. Muoio, Washington, D. C., on brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

MURRAH, Chief Judge.

This is a joint appeal from a judgment of the District Court on a jury verdict, denying recoupment of the taxes paid on amounts expended for the purpose of carrying on appellant-taxpayers' alleged trade or business, during the years 1953 and 1954. The disallowed deductions were claimed under Section 162(a) and 167(a) of 26 U.S.C.,[1] for travel expenses and depreciation incurred in the asserted business of "seeking out, promoting, organizing, financing and operating numerous corporations, and other promotional enterprises." Appellants contend that the trial court erred in giving certain instructions, and by excluding certain evidence.

Since the incurring of the expenses and depreciation were conceded by the government, the sole issues at trial were whether the activities of appellants constituted a "trade or business" within the meaning of the applicable statutes and, if so, whether and to what extent, the expenses and depreciation were incurred in "carrying on" that trade or business. The testimony tended to show a rather continuous activity of appellants in seeking out, investigating and developing opportunities for the investment of their money, and the use of their personal efforts in a number of enterprises. These activities involved prolonged negotiations for the establishment or purchase of drive-in theaters, the formation of corporations to own and operate them, the manufacture of new or novel items of theater accessories or equipment, a distributorship for a remote control television set, development and patenting of a remote control television speaker, advertising novelties, efforts to develop a new type drive-in theater, and others. Some of these activities developed into profitable enterprises—most did not.

In addition, the record shows, and it seems to be agreed, that during all or part of the tax years in question, the taxpayers were officers, directors and stockholders in four corporations, established by them for the purpose of engaging in some of the foregoing activi-

ties; and, that an undetermined amount of the disputed expenditures were, in some way, related to the business of those corporations.

The Court recognized the indisputable legal premise that the taxpayers could, for tax purposes, engage in the business of "seeking out, promoting, organizing, financing and managing business ventures," and that they also might be engaged in carrying on a number of trades or businesses. The jury was instructed that, in determining the existence of the claimed business, they could consider the frequency or number of times appellants engaged in the activity said to be their business; the intent of appellants, i. e., their hope or expectation of deriving part of their livelihood from such activity; and, the profitability of such activity. As to the latter criterion, the Court instructed that "the trade or business need not be continuously profitable, but persistent failure to make a profit is a factor which you may consider in determining whether there is the trade or business involved." Appellants concede that the intent to make a profit is essential, and that "profitability" is a proper inquiry to the determination of that intent. But they say tha profitability itself cannot properly be considered as a separate criterion, in determining the existence of a trade or business.

 In the first place, the jury was not so instructed. Moreover, the financial results of an enterprise may be more important than other manifestations of intent. See Cecil v. Commissioner (4 C.A.), 100 F.2d 896, 899. Certainly, the profit motive is the essence of any trade or business. And where, as here, none of the taxpayers' reported income for the taxable years was derived from the claimed business, or as officers, directors and principal stockholders of the related corporations, non-profitability is, to be sure,

cogent evidence of the non-existence of the alleged business.[2]

The Court also instructed the jury, in essence, that a corporation was a separate entity, having its own business apart from the business of its shareholders, officers, directors or employees; that ordinary and necessary expenses paid or incurred primarily in carrying on corporate business, could be deducted only by the corporations, not by the taxpayers; that if, therefore, the jury found that the taxpayers were, during the tax years in question, engaged in the business of "seeking out, promoting, organizing, financing and managing business ventures," and that either or both of them incurred traveling expenses in carrying on that business, they should find for either or both of the taxpayers, in the amount of such expenses. The jury was further instructed in that connection, however, that if it found that the claimed expenses were incurred "in part, primarily, on behalf of corporate business and, in part, primarily on behalf of the plaintiffs' business of seeking out, organizing, financing, promoting, and managing corporations and business ventures," they must determine what part of the total expenses and depreciation were attributable to each, remembering that "plaintiffs are entitled to deduct only that part of the total expense and depreciation that proximately relates to their business * * *;" and, that the burden was upon the taxpayers to prove the correct amount of the deductions, and if the jury was unable to determine from the evidence, which part of the total expenses related to the claimed business, their verdict should be for the government.

The taxpayers strenuously objected to the requirement that proof of allocation of the expenses between the businesses be made, in order to entitle them to recovery. They insist that proof of the

2. The taxpayers' returns show that their total income in excess of $70,000 for each of the taxable years, with the exception of income from interest payments on loans made to the corporations, was derived from sources unconnected with either the alleged business or the corporations, of which they were the principal shareholders and managing officers.

incurrence of the expenses, in carrying on their asserted trade or business, was sufficient to their case, regardless of the relationship which the claimed deductions might have to the corporate business; and, that the instruction required the taxpayers not only to prove their case, but to prove the negative of it, by showing nonbenefit to any other enterprise. We do not believe the Court's instructions required the taxpayers to do more than prove the affirmative of their case, at the risk of nonpersuasion.

No one denies that the taxpayers may have been, for tax purposes, engaged in the asserted business, i. e., a dealer in enterprises (See Sage v. Commissioner, 15 T.C. 299; Whipple v. Commissioner (5 C.A.), 301 F.2d 108; and Cf. Commissioner v. Stokes' Estate (3 C.A.), 200 F. 2d 637), or, they may have been engaged in the business of being a corporate officer or employee (see Schmidlapp v. Commissioner, 2 Cir., 96 F.2d 680, 118 A.L.R. 297; Noland v. Commissioner, 4 Cir., 269 F.2d 108; Trent v. Commissioner, 2 Cir., 291 F.2d 669, 674 and cases there cited; and Rev. Rul. 57–502) though they do not claim to have been so engaged, or that the expenses may have been incurred in carrying on corporate business. The question of the business entity is usually a matter of fact or degree. See Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; Noland v. Commissioner, supra.

██ Where, as here, the claimed deductions were incurred while acting in a dual capacity of a dealer in enterprises and on behalf of the corporations, of which they were officers, it is not too much to require certain and direct proof of allocation, between expenditures on behalf of the employing corporation and the asserted business. See Higgins v. Commissioner, supra. The requirement seems particularly appropriate where "there may be temptation to transfer expense so that it may be deducted in the highest brackets." Noland v. Commissioner, supra.

██ This does not mean that ordinary and necessary expenses incurred in carrying on a recognized trade or business are not deductible because they may incidentally benefit another business entity, with which the taxpayer may or may not be associated. See Schmidlapp v. Commissioner, supra. It does mean that one who asserts a claim for money paid in the form of taxes, has the burden of proving, not only that the tax was illegally exacted, but "he must establish the facts from which a correct determination of his tax liability can be made." Decker v. Korth (10 C.A.), 219 F.2d 732. If the expenses were subject to allocation between corporate business and the asserted business of the taxpayers, it was incumbent upon the taxpayers, as an essential element of their case, to make such proof. Cf. Higgins v. Commissioner, supra. If they were not fairly allocable, or no attempt is made in that respect, the taxpayers simply failed to prove their case, and the trial Court correctly instructed the jury that in such circumstances, the verdict must be for the government.

██ Lastly, appellants contend that the trial Court erred in excluding information relating to their income tax returns for the years 1950 and 1951. Appellant's theory was that the government's acceptance of those returns, containing deductions similar to those here in issue, and the audit of the government pertaining thereto, constituted admissions against interest on the part of the government, to the effect that the "business" asserted by appellants did, in fact, exist. But the well known principles which preclude the government's acceptance or acquiescence in tax returns or methods of computation for prior years from estopping it to assert present tax deficiencies would seem to extend, with equal force, to the use of prior tax returns or audits as admissions against interest. Cf. Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 77 S. Ct. 707, 1 L.Ed.2d 746; Nowland v. Commissioner (4 C.A.), 244 F.2d 450; Cald-

**578**

well v. Commissioner (2 C.A.), 202 F.2d 112; Fisher v. Commissioner, 29 B.T.A. 1041, aff'd. (2 C.A.), 74 F.2d 1014. But, assuming arguendo that the acceptance of a tax return by the government, or an audit by one of its agents, could be considered an admission or concession that facts stated therein were true, an admission that the "business" asserted by appellants existed in 1950 and 1951, and that deductions therein listed were proper, would not be inconsistent with the government's position that no such business existed in 1953 and 1954 and that, therefore, the deductions in issue were improper. We think the proffered evidence was properly excluded.

Affirmed.