**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

J. CLARK BUNDREN;
MARY R. BUNDREN,

        Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE SERVICE,

        Respondent - Appellee.

No. 01-9002
(T.C. No. 14171-98)

---

**ORDER AND JUDGMENT**   *

---

Before **HENRY** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

Petitioners J. Clark and Mary R. Bundren, husband and wife, seek review

of the decision of the Tax Court upholding the Commissioner's determination of

income tax deficiencies for tax years 1995 and 1996. [1] The deficiencies arose

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

(continued...)

from two deductions claimed by petitioners, the amounts of which the Commissioner determined were overstated. The first was a deduction for depreciation on a piece of rental property that petitioners took in 1995, and the second was a deduction for the loss petitioners realized on the sale of that property in 1996.

We review the decision of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). Accordingly, we review factual questions for clear error and legal questions de novo. *Schelble v. Comm'r*, 130 F.3d 1388, 1391 (10th Cir. 1997). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving the entitlement to any deduction claimed. *INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84 (1992). At the heart of the parties' dispute is the Commissioner's determination that petitioners' adjusted basis in the rental property immediately after they acquired it was substantially less than petitioners claimed. Petitioners have the burden of proving the Commissioner's determination is incorrect. *Schelble*, 130 F.3d at 1391.

The rental property at issue is located on 116th East Avenue in Tulsa. Petitioners acquired the property in December 1994 by exchanging other rental

---

[1](...continued)
ordered submitted without oral argument.

-2-

property they owned at 84th Street for the property at 116th East Avenue. This transaction qualified as a like-kind exchange under 26 U.S.C. § 1031. As such, petitioners' adjusted basis in the 116th East Avenue property immediately after they acquired it was equal to their carryover basis in the 84th Street property immediately before the exchange, minus any "boot" (money) they received in the exchange, and adjusted for any gain or loss recognized on the exchange. *Id.* § 1031(d). The parties stipulated that there was no gain or loss on the exchange, and they do not dispute the Tax Court's determination that petitioners received $67,000 of boot in the exchange. Therefore, the only issue before us is the amount of petitioners' carryover basis in the 84th Street property immediately before the exchange.

The parties agreed that petitioners' carryover basis in the 84th Street property was the same as their basis in the 84th Street property in June 1994, when they converted the property from use as their principal residence to use as rental property. Petitioners' adjusted basis in the 84th Street property at the time they converted it to rental property would have been the property's fair market value, if that were less than the cost basis. *See* 26 C.F.R. § 1.165-9(b)(2). The parties agreed that the fair market value at the time of conversion was less than the cost basis. Therefore, petitioner's carryover basis in the 84th Street property was its fair market value in June of 1994.

Fair market value is generally defined as the price at which property would change hands between a willing buyer and a willing seller, neither being obligated to buy or to sell and both having reasonable knowledge of relevant facts. *See id.* § 20.2031-1(b); *Rhodes v. Amoco Oil Co.*, 143 F.3d 1369, 1373 n.4 (10th Cir. 1998). The Commissioner determined that the fair market value of the 84th Street property was $134,500, which was the price at which petitioners listed it for sale in September 1994 and the price at which they exchanged it in December 1994. Additionally, the Commissioner reasoned, this value was consistent with the facts that the property had an appraised value of $150,500 in October 1992 and that the residential real estate market in Tulsa was in a serious decline.[2]

Petitioners argued that the Commissioner's determination of fair market value was incorrect, because it failed to take into account petitioners' pressure to sell the 84th Street property due to its unsuitability as rental property and their own cash crunch. Petitioners' accountant testified that he calculated the tax deductions based on a fair market value for the 84th Street property in excess of $200,000. Petitioners, however, presented no evidence to support a fair market value of $200,000 or more. "The burden was on petitioners not only to show that the Commissioner's determination was wrong, but also to produce evidence from

---

[2] As evidence of this decline, petitioners purchased the 84th Street property in 1982 for $183,000 and had put almost $50,000 of improvements into it by October 1992, yet it appraised for only $150,500 at that time.

which another and proper determination could be made." *Bennett v. Comm'r*, 139 F.2d 961, 966 (8th Cir. 1944); *see also Wiles v. United States*, 312 F.2d 574, 577 (10th Cir. 1962).

The Tax Court concluded that petitioners failed to meet their burden of establishing that the Commissioner's determination was erroneous. The Tax Court, therefore, adopted the Commissioner's determination of fair market value and, consequently, the Commissioner's determination of adjusted basis. Our review of the record reveals no error in the Tax Court's decision.

Accordingly, the decision of the Tax Court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-5-