Julian and Laurie Panek v. Commissioner.
Panek v. Commissioner
Docket No. 4291-62.
United States Tax Court
T.C. Memo 1965-128; 1965 Tax Ct. Memo LEXIS 203; 24 T.C.M. (CCH) 658; T.C.M. (RIA) 65128; May 12, 1965
*203 Laurie Panek, pro se, 1923 Howard St., Chicago, Ill. James E. Caldwell, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency of $331.83 in the income tax of the petitioners for 1959. As a result of a stipulation of the parties all issues raised by the pleadings have been disposed of except the following: (1) the respondent's determination that petitioners were not entitled to a deduction of $1,590 claimed with respect to the writing of short stories and novels and the drawing and painting of pictures by petitioner Laurie Panek because of their failure to substantiate the claimed deduction and because of their failure to establish that Laurie Panek's activities in the foregoing respect comprised a trade or business or were carried on primarily for the production of income, and (2) the respondent's disallowance of $701 of a deduction of $1,400 taken by petitioners for contributions for lack of substantiation. Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioners, husband and wife, residents of Chicago, Illinois, filed their joint Federal income *204 tax return for 1959 with the district director in that city. The notice of deficiency involved herein was mailed to petitioners on September 7, 1962. During 1959 petitioner Laurie M. Panek was employed and worked full time for the State of Illinois as a claims adjudicator in the Bureau of Unemployment Compensation. Neither in 1959 nor at any time during the past 25 years did Laurie Panek, or anyone else, publish any of her writings; nor is there any showing that during the past 25 years she has sold any of her writings. During 1959 she did not sell any pictures that she had painted; nor is there any showing that in any prior year she had sold any pictures she had painted. However, immediately prior to Christmas of 1959 and without prior discussion as to price and without seeking compensation therefor, she gave about 30 pictures she had painted to her coworkers at the Bureau of Unemployment Compensation. At the time recipients thanked her for the pictures, she told them that if they would remember the size of such picture, she would paint a picture of the same size for a friend of theirs at a fixed price, not disclosed by the record, and would give them (the recipients) a 10 percent *205 commission. In 1960 and after the passage of a few weeks and after being reminded of the foregoing offer of petitioner, some of the recipients obtained some orders. Neither the number of orders nor the amounts involved therein are disclosed in the record. The activities of Laurie Panek in 1959 in writing short stories and novels and in painting pictures did not constitute a trade or business, nor were such activities engaged in primarily for the production of income. In determining the deficiency involved herein the respondent determined that petitioners were not entitled to a deduction of $1,590 claimed with respect to the writing and painting activities of Laurie M. Panek and he further determined that petitioners were not entitled to a greater deduction than $699 for contributions. Opinion The first question for determination is whether the petitioner Laurie Panek by reason of her writings and painting activities in 1959 was engaged in the trade or business of writing and painting in that year. In , which involved the question of whether the taxpayer in that case was engaged in a trade or business during the taxable *206 year in controversy, the court said: The proper test is not the reasonableness of the taxpayer's belief that a profit will be realized, but whether it is entered into and carried on in good faith and for the purpose of making a profit, or in the belief that a profit can be realized thereon, and that it is not conducted merely for pleasure, exhibition, or social diversion. * * * In , the same court had before it the question of whether the taxpayer in that case was engaged in a trade or business during the taxable years there in controversy. In that case the court said: A business, under the statute, is defined by the Supreme Court as "That which occupies the time, attention, and labor of men for the purpose of a livelihood or profit." , Ann. Cas. 1912B, 1312. In , this court stated the rule as follows: "An occupation or employment will not be excluded from the classification of business merely because it actually results in loss instead of profit; but it is *207 essential that livelihood or profit be at least one of the purposes for which the employment is pursued." The primary question for determination is whether Laurie Panek's writing and painting activities were "entered into and carried on in good faith and for the purpose of making a profit, or in the belief that a profit can be realized thereon." The one and only writing of Laurie Panek shown by the record to have been published was published about 25 years prior to the hearing herein. Although she stated that she did some writing in 1959 and sent the manuscripts somewhere, she further stated that she did not know what the manuscripts were or where they were sent; that she does not remember to what publisher she sent them and that she has looked for the publishers' rejection slips with respect thereto but has found no evidence of them. There is no showing that to the end of 1959 any pictures painted by her had ever been sold or otherwise disposed of by her except by gift in December 1959 when she gave about 30 pictures she had painted to coworkers at the place of her regular full-time employment. Although she testified that after the taxable year here involved and in 1960 she received *208 some orders for pictures, she, for a reason or reasons known only to her, failed to state the number of such orders or the amounts involved therein. Such a situation as the foregoing with respect to her writing and painting activities in 1959 strains credulity to conclude that the purpose of her writing and painting activities was to earn money as contrasted with purposes of pleasure, exhibition, or social diversion. Cf. , affd. (C.A. 6, 1955). The respondent is sustained as to this issue. The remaining issue involves the respondent's disallowance for lack of substantiation of $701 of a deduction of $1,400 taken by petitioners for contributions. The evidence presented as to this issue consists primarily of a list by months in 1959 of the names of approximately 50 organizations to which Laurie Panek stated that she made contributions and the amounts she stated she contributed to each. With respect to the list she testified that "the majority" of the items "were cash items given in such a way as to show nothing as to who the contributor was," that as a consequence she did not think it feasible to attempt to *209 get any receipts and that obviously it is impossible to go back and get them. The record fails to disclose the items and amounts contained in the above "majority" referred to by her and also fails to disclose the items and amounts composing the portion of the deduction allowed by respondent, $699. In this situation and since the petitioners have not submitted to us any evidence directed to the substantiation of any item and the amount thereof shown in the above-mentioned list, we are unable to conclude that the respondent has erred in disallowing $701 of the deduction taken. In view of the state of the record it would appear that in allowing $699 of the deduction in question the respondent has allowed all that petitioners have substantiated and in that case that is all to which they are entitled. Decision will be entered for the respondent.