**Loy D. MERCER, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 21239.

United States Court of Appeals
Ninth Circuit.

April 17, 1967.

Courtney Vallentine, Albuquerque, N. M., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Marco S. Sonnenschein, Attys., Lester Uretz, Chief Counsel, Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and HALBERT, District Judge.

BARNES, Circuit Judge.

This is a petition to review a decision of the Tax Court of the United States. That Court had jurisdiction of the case. (26 U.S.C. § 6213.) We have jurisdiction of the petition for review under 26 U.S.C. § 7482.

Petitioner Loy Mercer and his older brother Berle were raised on a cattle ranch in Nebraska, where they learned the rudiments of the cattle business. In 1957 Berle moved to Alaska with his family and a herd of cattle. He acquired a ranch in the interior of Alaska and began attempting to ranch for profit. Due to the severity of the climate the cattle he had brought with him did not fare well. Cross-breeding, however, has improved the animals' ability to survive and reproduce in that part of Alaska. Berle has been building his herd and hopes to make a profit in the future on his cattle operations.

Petitioner Loy Mercer moved to Alaska in 1958 where he continued his college education. Before moving to Alaska he had owned some Angus cattle. These were traded for six Angus-Highland cattle, which it was thought would survive better in the Alaska climate. The six Nebraska Angus-Highland cattle were shipped to Alaska and Loy took them to Berle's ranch. Loy attempted to obtain a homestead allotment on two occasions, but failed. Since Loy had no place to keep his cattle, he made arrangements to use Berle's ranch. In 1962 Loy paid Berle $5,500 for servicing Loy's cattle on Berle's ranch; in 1963 he paid $3,500.[1] Loy sought to deduct these payments on his 1962 and 1963 income tax returns. They were disallowed by the Commissioner, and the assessment of a deficiency was affirmed by the Tax Court.

The basic facts are undisputed. The sole question relates to Loy Mercer's activity in keeping the cattle—was he engaged in a "trade or business" within the meaning of sections 162 and 165 of the Internal Revenue Code? The Tax Court held that he was not so engaged. We reverse that determination as clearly erroneous.

The government tells us that "whether or not a particular taxpayer's activities constitute the carrying on of a trade or business depends on the in-

---

1. No one disputes the amounts involved, or that these payments were actually made, or that they were fundamentally arms-length transactions.

tent of the taxpayer." (Respondent's Brief, p. 11.) We agree. Hirsch v. Commissioner of Internal Revenue, 315 F.2d 731 (9th Cir. 1963), Brooks v. Commissioner of Internal Revenue, 274 F.2d 96 (9th Cir.1959), Lamont v. Commissioner of Internal Revenue, 339 F.2d 377 (2d Cir. 1964). The taxpayer here testified that his intention in bringing his cattle to Alaska and placing them in Berle's care was to make a profit, though he recognized that he would have to build his herd to a larger size to achieve profitable operations. (Deposition of Loy Mercer, pp. 17–18.) This, of course, is competent evidence as to his intent. The government argues that the objective circumstances of this case contradict the taxpayer's testimony. A thorough examination of those circumstances serves, in our opinion, to reinforce the taxpayer's testimony.

The government tells us that we can look to the "size of operation" to gauge the taxpayer's intent. Though a question remains as to how much weight should be given to a test such as this, in this case the results of that test support the taxpayer. Any "size of operation" test is necessarily relative to and limited by the taxpayer's resources. Perhaps there can be a "size of operation" so great that it is almost conclusive as to being a trade or business. But here we examine the objective fact of size to appraise the subjective intent of a certain person. The test becomes meaningless unless we set the parameters of the analysis at the size of the operation and the venturer's resources. In 1962 the petitioner had a gross income of $6,410.34 and expended $5,500 to maintain his cattle. In 1963, the figures were $6,768.65

and $3,500, respectively.[2] (C.T. p. 69.) Clearly the petitioner here was placing into this venture a sum approaching the limits of his resources. Though the few cattle he owned might appear unimportant compared to some large ranch of industrial enterprise, nevertheless the "size of operation" here was large, perhaps immense, for this taxpayer.[3]

■ The government points to the fact that the petitioner held a full-time job and spent only four months at Berle's ranch during the two years in question. Yet such a circumstance hardly supports a conclusion that the petitioner was not engaged in the cattle business. It is reasonable to conclude that work as a laborer was necessary to raise the funds required to support his cattle operation. In any event, it is not a necessary prerequisite that one devote himself completely to an enterprise to qualify it as a trade or business. See, e. g., Marsch v. Commissioner of Internal Revenue, 110 F.2d 423, 424 (7th Cir. 1940).

■■ It seems clear from a reading of the opinion of the Tax Court that its decision was in essence a conclusion that the taxpayer's venture was not aimed at profit because a reasonable man would not expect a profit from such a venture, and that while he might in future get into such a business, he had not yet done so in the years in question.[4] We are aware that other circuits have insisted that the taxpayer's expectation of profit be both reasonable and in good faith. See, e. g., Godfrey v. Commissioner of Internal Revenue, 335 F.2d 82, 84 (6th Cir. 1964), Whitman v. United States, 248 F.Supp. 845 (W.D.La.1965). Unquestionably, however, in this circuit the

2. The petition asserted that "The operation [of Berle Mercer] is unique, experimental, exploratory, surviving, designed and intended to result in ultimate profit, and the 1962 and 1963 expenses thereof, which were necessarily extraordinary in comparison with other commercial range beef ventures in other localities and under different conditions, but ordinary in the

circumstances here." This the government admitted. The same allegations as to Loy Mercer's operation were denied.

3. Incidentally, an operation involving only six head of cattle has been held to be a trade or business. Whitman v. United States, 248 F.Supp. 845 (W.D. La.1965).

4. See, e. g., C.T. pp. 71, 74, 75.

rule is that a taxpayer's venture is a trade or business if he has a good faith expectation of profit from that venture, irrespective of whether or not others might view that expectation as reasonable. Hirsch v. Commissioner of Internal Revenue, supra, 315 F.2d at 736, Brooks v. Commissioner of Internal Revenue, supra. We are not alone in this view. See, e. g., Lamont v. Commissioner of Internal Revenue, supra, 339 F.2d at 380, DuPont v. United States, 234 F.Supp. 681 (D.Del.1964).

Here the taxpayer entered into a venture with a good faith expectation of profit. Whether that expectation was foolhardy or shrewd is of no moment. The taxpayer expended his effort and capital to the limit of his available time and resources. There can be no conclusion other than that the taxpayer's venture, though small in results, was a trade or business within the meaning of sections 162 and 165.

"* * * [A]ppellate review of determinations in this field must be quite restricted. * * * Where the trial has been by a judge without a jury, the judge's findings must stand unless 'clearly erroneous.' Fed.Rules Civ.Proc., 52(a). 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' United States v. United States Gypsum Co., 333 U.S. 364, 395 [68 S.Ct. 525, 92 L.Ed. 746] * * * And Congress has in the most explicit terms attached the identical weight to the findings of the Tax Court. I.R.C. § 7482(a)." Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 290–291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

We are left with a definite and firm conviction that, on the entire evidence, a mistake has been committed.

The judgment of the Tax Court is reversed.