Marian B. S. Crymes v. Commissioner.
Crymes v. Commissioner
Docket No. 5713-70 SC.
United States Tax Court
T.C. Memo 1972-3; 1972 Tax Ct. Memo LEXIS 254; 31 T.C.M. (CCH) 4; T.C.M. (RIA) 72003; January 4, 1972, Filed Marian B. S. Crymes, pro se, 501-13th St., N.W., Washington, D.C. John J. Weiler, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in petitioner's Federal income tax for 1967 in the amount of $194.77. The only issue involved is whether or not the petitioner can deduct publishing expenses in the amount of $1,288.97 under any pertinent section of the Internal Revenue Code of 1954. *255 [1]
Findings of Fact Marian B. S. Crymes (hereinafter referred to as the petitioner) maintained her legal residence and an office in Washington, D.C., at the time the petition was filed in this case. For the taxable year 1967, she filed an original and an amended Federal income tax return with the District Director of Internal Revenue at Baltimore, Maryland. On her original return, the petitioner used the standard deduction. However, on her amended return she claimed deductions for publishing expenses of $1,288.97, taxes of $124.21, and a charitable contribution of $62.75. The respondent disallowed the claimed publishing expenses and allowed the standard deduction in lieu of the claimed contributions and taxes deductions. In 1960, the petitioner began preparing two booklets. One is entitled "Component Good" and the other "Integral Spirituality". Both deal with religious and moral concepts and both were completed by 1965. Their preparation involved extensive research. On October 17, 1966, the petitioner began working as a proofreader for the Bureau *256 of National Affairs at their offices in Washington, D.C. She continued to work in the same capacity all during 1967. Sometime in 1966, the petitioner decided to publish the two booklets and in 1967 she paid the Turnpike Press $1,288.97 to print 100 copies of each of them. She also obtained a copyright on both of the booklets. She felt both booklets should be placed "in a satisfactory form for scholars to review" and that they should reach teenagers whom she wished to help. The petitioner contacted a foundation regarding the dissemination of her ideas and intended to take the booklets with her in the hope she could sell them at a profit to secure enough money to support herself and the project she had undertaken. She also wrote letters to others in an attempt to distribute the pamphlets. However, ultimately none of the booklets were sold and the petitioner received no income as a result of their printing and publication. Opinion In his opening statement, the respondent argues that the publication expenses were 5 not allowable under section 162 as trade or business expenses because the petitioner was not engaged in the business of being an author in 1967. He also urges that the *257 deduction is not allowable as a charitable contribution under section 170. We agree with both views. However, we must hasten to add that we believe the real question to be whether or not the petitioner is entitled to the deduction under the ambit of section 212. [2] The pertinent portion of that section provides that a deduction will be allowed for all the ordinary and necessary expenses paid for the production or collection of income. Under the facts in this case, there is no question but that the expenses were paid in 1967 and that they were "ordinary and necessary" if the petitioner wished to produce income by selling her booklets and disseminating her ideas. The narrow issue before us is whether the expenses paid were paid "for the production" of income. *258 It is well-settled that section 212 enlarges the category of incomes with reference to which expenses are deductible, but that such expenses must relate to a "profit-seeking" purpose. . In the instant case, while the question is certainly not free from doubt, we believe that the petitioner had a profit motive. Perhaps someone else may have used a different approach or may have written the booklets differently. But here the proper test is not the reasonableness of the taxpayer's belief that a profit will be realized, but whether the enterprise is entered into and carried on in good faith and for the purpose of making a profit, or in the belief that a profit can be realized thereon, and that it is not conducted merely for pleasure, exhibition, or social diversion. We believe the petitioner published the books with a dual purpose. She wished to make known her ideas and at the same time realize a profit. There is no question she expended a great amount of time in producing the booklets and that she paid substantial amounts to have them printed. Although unsuccessful, she was endeavoring to interest people in her ideas *259 through the booklets and intended to sell them at a profit if anyone evidenced an interest. The fact that she was not able to do so in no way negates the fact that expenses were incurred and we hold that they are deductible by the petitioner in 1967. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, unless otherwise noted.↩
2. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; or (3) in connection with the determination, collection, or refund of any tax.↩