Paul SNYDER and Helen J. Snyder,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80–1564.

United States Court of Appeals,
Tenth Circuit.

March 30, 1982.

Paul Snyder, Jr., Boulder, Colo. (Paul Snyder, pro se and Snuder, Neuman & En-

wall, Boulder, Colo., on the brief), for plaintiffs-appellants.

Jonathan Cohen, Atty., Tax Div., Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup and Donald B. Susswein, Attys., Tax Div., Washington, D. C., with him on the brief), for defendant-appellee.

Before McWILLIAMS, DOYLE and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Taxpayers Paul and Helen Snyder (taxpayer)[1] appeal from the judgment of a federal district court in Colorado holding that taxpayer's 1972–73 expenses relating to producing a photography book were not deductible as ordinary expenses in the years incurred under sections 162(a)[2] or 212[3] of the Internal Revenue Code. 26 U.S.C. §§ 162(a), 212 (1976). Taxpayer argues that such expenses should be currently deductible in the years in question. Because the district court findings of fact and conclusions of law are not sufficient to allow us to properly review the merits of this appeal, we remand the case to the district court.

Taxpayer, a practicing attorney, testified that he began work on a book of photographs of the Colorado high country in 1972. He expected to publish and sell the finished product. His photographic activities changed markedly as he pursued his book project. Prior to 1972, such activities consisted primarily of taking family snapshots with modest equipment that was inappropriate for a commercial enterprise. In order to produce commercial quality photographs for the book, however, taxpayer ac-

---

1. Helen Snyder is involved in this case only because she filed joint returns with Paul Snyder. Mr. Snyder will be referred to as the taxpayer.

2. Section 162(a) provides in pertinent part:
   "Trade or business expenses
   "(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business
   . . . ."

3. Section 212 provides:

"Expenses for Production of Income
"In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
   (1) for the production or collection of income;
   (2) for the management, conservation, or maintenance of property held for the production of income; or
   (3) in connection with the determination, collection, or refund of any tax."

quired sophisticated large format photographic equipment. He began to devote approximately 30 hours a week to taking pictures. The number of rolls of film taxpayer shot increased from about five or six rolls in 1971 to about 200 rolls in 1972. He also began to keep detailed records of technical data regarding his photographs.

After a year's work, taxpayer had accumulated approximately 3,000 slides and began to send letters to publishers soliciting their interest in his book. He received replies from six or eight publishers who expressed interest, and he traveled to New York to discuss the book with some of them. He testified that the only purpose for his trip to New York was to promote publication of his book. He also traveled to San Francisco, at the expense of Scribners & Sons, to discuss the book with an editor for the Sierra Club. Taxpayer was encouraged by the publishers he met, but none of them offered to buy or publish his book.

Taxpayer's joint tax returns show he reported adjusted gross income of $55,105.65 in 1972 and $37,012.45 in 1973. Almost all of this income was derived from the practice of law. Included among various current deductions claimed by taxpayer were depreciation and business expenses attributed to his "nature photography" activity, which amounted to $4,370.85 in 1972 and $8,401.11 in 1973. Taxpayer testified that the deductions constituted expenses necessary to his endeavor to produce his book. Nevertheless, the IRS concluded that taxpayers' deductions attributable to the photography book were not allowable under either section 162 or section 212. Accordingly, the IRS found that additional taxes and other amounts of $6,913.41 were due for the years 1972 and 1973. Taxpayer paid that amount, filed a claim for refund, and timely sued to recover the amount paid.

At trial, the district court concluded that taxpayer was not engaged in the "trade or business" of producing a book. The court held that taxpayer's claimed expenses were not appropriate deductions under section 162 or 212 and "at best" the expenses might be capitalized under section 212.

The trial judge delivered findings of fact and conclusions of law orally from the bench. He stated that they were intended to be "rough" findings and conclusions only and he requested that they be reduced to writing by counsel for the IRS. The judge noted that he hoped to make sufficient comments to permit formalized findings and conclusions to be drafted. Unfortunately, no such formalized findings were ever approved by the court and we are left with only the "oral, rough, findings." Rec., vol. III, at 2.

The trial court stated in its oral findings that the taxpayer had "sincere hopes" of selling his photography book to many people, *id.* at 3, and "does hope to make a profit." *Id.* at 4. Notwithstanding these factual findings of taxpayer's profit motive, the trial court reached the conclusion that the taxpayer was not engaged in the "trade or business" of writing a book, but was trying to produce a literary capital asset.

No citation to any source was provided for these conclusions, and underlying facts other than profit motive were not elaborated upon. This poses a problem for us because the general test for whether a person is engaged in a "trade or business" under section 162 has variously been stated to be "whether the business was undertaken 'in good faith for the purpose of making a profit,'" *Malmstedt v. Commissioner,* 578 F.2d 520, 527 (4th Cir. 1978) (quoting *Lamont v. Commissioner,* 339 F.2d 377, 380 (2d Cir. 1964)), or whether the taxpayer's *primary* purpose and intention in engaging in the activity is to make a profit. *See Golanty v. Commissioner,* 72 T.C. 421, 425 (1979); *Allen v. Commissioner,* 72 T.C. 28, 33 (1979). Consequently, the profit motive finding in this case supports a conclusion that taxpayer was in the trade or business of producing a book rather than the district court's conclusion that the taxpayer was not in the trade or business.

Fed.R.Civ.P. 52(a) states that "[i]n all actions tried upon the facts without a jury ... the court shall find the facts specially and state separately its conclusions of law thereon ...." One important purpose

of this rule is to afford the appellate court a clear understanding of the ground or basis of the decision of the trial court. *See Ramey Construction Co. v. Apache Tribe*, 616 F.2d 464, 466–67 (10th Cir. 1980); *United States v. Horsfall*, 270 F.2d 107, 109 (10th Cir. 1959); 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2571 at 679 (1971). The Supreme Court noted in *Kelley v. Everglades Drainage District*, 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485 (1943):

> "Nor do we intimate that findings must be made on all of the enumerated matters or need be made on no others; the nature of the evidentiary findings sufficient and appropriate to support the court's decision as to fairness or unfairness is for the trial court to determine in the first instance in the light of the circumstances of the particular case. We hold only that there must be findings, stated either in the court's opinion or separately, *which are sufficient to indicate the factual basis for the ultimate conclusion*."

(emphasis added). *See also Schneiderman v. United States*, 320 U.S. 118, 129–31, 63 S.Ct. 1333, 1338–39, 87 L.Ed. 1796 (1943). A trial court must include as many of the subsidiary facts as necessary to permit us to "determine the steps by which [it] reached its ultimate conclusion on each factual issue." 9 C. Wright, *supra*, § 2579 at 710; *James Petroleum Corp. v. Commissioner*, 331 F.2d 344, 345 (10th Cir. 1964); *Woods Construction Co. v. Pool Construction Co.*, 314 F.2d 405, 407 (10th Cir. 1963).

█ The trial court's findings of fact in the present case are not sufficient to guide us in rendering a proper decision. We need further factual findings to determine whether the district court properly concluded that taxpayer was not in the "trade or business" of producing a book.

█ The IRS argued below and in this court that an author cannot be in the trade or business of writing if he has not yet produced a book, and it appears from the trial judge's comments during trial that he may have accepted this assertion. If so, the trial judge made his decision based on an erroneous legal conclusion. We find no support for this contention and believe, as a policy matter, that such a position would have an unwarranted and undesirable chilling effect on budding authors who are serious in pursuing a writing career. Section 162 does not require such a result.

█ The IRS also emphasizes that taxpayer in this case spends 40 hours per week as a lawyer. But he also spent 30 hours a week working on his book in the tax years in question, and we have recognized "the indisputable legal premise that the [taxpayer] ... might be engaged in carrying on a number of trades or businesses." *Wiles v. United States*, 312 F.2d 574, 576 (10th Cir. 1962). *Accord Mercer v. Commissioner*, 376 F.2d 708, 710 (9th Cir. 1967). Furthermore, it is well settled that the term "trade or business" includes the arts. *See* 4A J. Mertens, *Law of Federal Income Taxation*, ¶ 25.08 at 32 & n. 33 (1979).

█ The profit motive of the taxpayer is "only significant [under section 162] insofar as it affords a means of distinguishing between an enterprise carried on in good faith as a 'trade or business' and an enterprise merely carried on as a hobby." *Id.* at 32 (footnote omitted). A taxpayer is clearly not engaged in a trade or business if his predominant purpose is recreation or a hobby. *See, e.g., Carkhuff v. Commissioner*, 425 F.2d 1400, 1404 (6th Cir. 1970); *Schley v. Commissioner*, 375 F.2d 747, 750 (2d Cir. 1967). On the other hand, an author may be in a trade or business within the meaning of section 162 if he "participated in that endeavor with a good faith expectation of making a profit." *Stern v. United States*, No. 70–782-·HP (C.D.Cal. Mar. 26, 1971), 71–1 U.S.Tax.Cas. (CCH) ¶ 9375. The business need not yield an immediate profit. *Id.* However,

> "[w]here the activity is not the taxpayer's principal means of livelihood and is of a sporting or recreational nature, then indeed, if he incurs losses in it, the question of motive becomes acute. The taxpayer is required to demonstrate that the appearance of a pleasure-seeking motive

is misleading and that instead the motive for the activity was profit making. The difficulty inherent in so elusive a test as motive has resulted in the search for objective guideposts."

*Imbesi v. Commissioner*, 361 F.2d 640, 645 (3d Cir. 1966) (footnotes omitted). On remand, the trial judge should review the objective evidence, as well as taxpayer's testimony as to his intent, in determining whether taxpayer was primarily motivated in 1972 and 1973 by his love of photography as a hobby or by a good faith expectation of making a profit. *See* 26 U.S.C. § 183; Treas.Reg. §§ 1.183–1(a), 1.183–2 (1980); *Mercer*, 376 F.2d at 710; *Porter v. Commissioner*, 28 T.C.M. (CCH) 1489 (1969); *Adams v. Commissioner*, 25 T.C.M. (CCH) 1239 (1966); *Panek v. Commissioner*, 24 T.C.M. (CCH) 658 (1965); *Grazia v. Commissioner*, 21 T.C.M. (CCH) (1962); *Whitman v. Commissioner*, 19 T.C.M. (CCH) 457 (1960).

■ Even where the taxpayer engages in the activity primarily for profit, such activity does not automatically constitute a "trade or business" under section 162:

" '[t]he phrase "trade or business" [as used in the Tax Code] connotes something more than an act or course of activity engaged in for profit. * * * The phrase * * * must refer not merely to Acts engaged in for profit, but to extensive activity over a substantial period of time during which the Taxpayer holds himself out as selling goods or services.' *McDowell v. Ribicoff*, 3 Cir., 1961, 292 F.2d 174, 178 (Biggs, C.J.). A taxpayer can show that his activities are a 'business' by demonstrating that he devotes a substantial portion of his time to the activities. *Austin v. Commissioner*, 1960, 35 T.C. 221, aff'd., 2 Cir., 1962, 298 F.2d 583, or that there has been extensive or repeated activity over a substantial period of time, *Wright v. Commissioner*, 1959, 31 T.C. 1264, aff'd., 6 Cir., 1960, 274 F.2d 883."

*Stanton v. Commissioner*, 399 F.2d 326, 329 (5th Cir. 1968); *see* 4A J. Mertens, § 25.08 at 31–32. On remand, if the trial court finds taxpayer was primarily motivated by profit, the court must then determine whether taxpayer devoted sufficient time over a substantial enough period to be in a trade or business under section 162. If the trial court finds that taxpayer was not engaged in a trade or business in the relevant years, it must then determine whether the expenses were deductible under section 212 as ordinary and necessary expenses for the production of income.

■ In enacting section 212, Congress intended to place all income producing activities on equal footing. *See United States v. Gilmore*, 372 U.S. 39, 45, 83 S.Ct. 623, 627, 9 L.Ed.2d 570 (1963); *Lucas v. Commissioner*, 388 F.2d 472, 473–74 (1st Cir. 1967). "To qualify as a deduction under section 212, [ordinary and necessary expenses incurred for the conservation or maintenance of property] must satisfy the same requirements that apply to a trade or business expense under Section 162 except that the person claiming the deduction need not be in the trade or business." *Fischer v. United States*, 490 F.2d 218, 222 (7th Cir. 1973). Thus, if taxpayer was motivated by a good faith expectation of profit, he is entitled to deduct any ordinary and necessary expenses relating to his photography book. *See Crymes v. Commissioner*, 31 T.C.M. (CCH) 4 (1972).

■ For purposes of our review, the trial judge's conclusion that taxpayer's expenses could "at best" be capitalized is also not adequately supported by factual findings or legal reasoning. Of course, sections 162 and 212 are subject to section 263 [4] of the Internal Revenue Code, 26 U.S.C. § 263 (1976), which prohibits capital expenditures from being currently deducted. *See* 26 U.S.C. §§ 161, 211, 261 (1976); Treas.Reg. §§ 1.212–1(e) (1980), 1.161-1 (1980). Section 212 is in pari materia with section 162

---

4. Section 263(a) provides in pertinent part:
"Capital expenditures
"(a) General rule.—No deduction shall be allowed for—

(1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. . . ."

regarding distinctions between ordinary expenses and capital expenditures. *Woodward v. Commissioner*, 397 U.S. 572, 575 & n. 3, 90 S.Ct. 1302, 1304, & n. 3, 25 L.Ed.2d 577 (1970); *Iowa Southern Utilities Co. v. Commissioner*, 333 F.2d 382, 386 (8th Cir.), cert. denied, 379 U.S. 946, 85 S.Ct. 438, 13 L.Ed.2d 543 (1964).

 We have adopted the one-year rule under which an expenditure should be capitalized " 'if it brings about the acquisition of an asset having a period of useful life in excess of one year or if it secures a like advantage to the taxpayer....' " *Colorado Springs National Bank v. United States*, 505 F.2d 1185, 1191–92 (10th Cir. 1974) (quoting *Hotel Kingkade v. Commissioner*, 180 F.2d 310, 312 (10th Cir. 1950)). This rule is intended as a " 'mere guidepost for the resolution of the ultimate issue, not as an absolute rule ....' " *Id.* at 1192 (quoting *United States v. Wehrli*, 400 F.2d 686, 689 (10th Cir. 1968). Because no clear demarcation line exists between expenditures that must be capitalized and those which may be currently deducted, individual facts must be taken into account. *See Wells-Lee v. Commissioner*, 360 F.2d 665, 669 (8th Cir. 1966); *Southland Royalty Co. v. United States*, 582 F.2d 604, 609 (Ct.Cl.1978), cert. denied, 441 U.S. 905, 99 S.Ct. 1991, 60 L.Ed.2d 373 (1979); *Faura v. Commissioner*, 73 T.C. 849, 852 (1980). It is important to note that many expenses are deductible even though they have a prospective effect beyond the current tax payable year. *Southland Royalty Co.*, 582 F.2d at 611.

 If taxpayer in this case is in the "trade or business" of producing a book, he may currently deduct those items shown to be ordinary and necessary rather than capitalize them. *See Stern*, 71-1 U.S.Tax.Cas. (CCH) ¶ 9375; *Faura*, 73 T.C. at 849–62 (opinion generally helpful in describing treatment of authors' expenses); *see generally Southland Royalty Co.*, 582 F.2d at 606; *Wells-Lee v. Commissioner*, 360 F.2d at 668–69; Note, 70 Harv.L.Rev. 1419, 1422 & n. 26 (1957). Expenditures not made in a trade or business may nevertheless be currently deductible under section 212. *See*

*Crymes v. Commissioner*, 31 T.C.M. (CCH) 4 (1972); *see also* Note, 70 Harv.L.Rev. at 1422; *Faura*, 73 T.C. at 849; *but see Greenway v. Commissioner*, 40 T.C.M. 24, 31 (1980). In order that we may properly review his decision, the trial judge must detail further factual findings and legal reasoning in determining whether all, some, or none of taxpayer's expenses can be currently deducted.

Reversed and remanded.

McWILLIAMS, Judge, dissents:

I am of the view that the district court's findings are sufficient and would not remand, but affirm.