ARTHUR T. HADLEY AND SUSAN K. BRYANT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hadley v. Commissioner
Docket No. 18277-82.
United States Tax Court
T.C. Memo 1986-173; 1986 Tax Ct. Memo LEXIS 436; 51 T.C.M. (CCH) 948; T.C.M. (RIA) 86173; April 28, 1986. *436 During the taxable year in issue, petitioner was in the trade or business of being an author and incurred expenses in writing a book. Petitioner claimed a current deduction for these expenditures which respondent disallowed on the basis that these amounts were subject to the capitalization requirements of section 280. Held, expenses incurred by an author in writing a book are subject to the provisions of sec. 280. Irwin Karp, for the petitioners. Brian Masumoto, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Chief Judge: By notice of deficiency dated April 22, 1982, respondent determined a deficiency in petitioners' *437 Federal income tax for the taxable year ended December 31, 1978 in the amount of $7,946. After concessions, the issue before us is whether expenses incurred by an author in writing a book are subject to the provisions of section 280. [1]
The facts have been fully stipulated pursuant to Rule 122 and are so found. The stipulations of fact, together with the exhibits attached thereto, are incorporated herein by this reference and form the basis of the Court's findings of fact. Arthur T. Hadley (hereinafter petitioner) resided in New York, New York and Susan K. Bryant, his former wife, resided in Boston, Massachusetts at the time the petition was filed in this case. Petitioner and Ms. Bryant [2] timely filed their joint Federal income tax return for the taxable year 1978, under the cash method of accounting. From approximately 1956 to the present, *438 petitioner has been in the trade or business of being an author. In 1977 he entered into a contract with Prentice-Hall, Inc., a publisher, to publish a book entitled "The Empty Polling Booth." Under the terms of the contract, petitioner received an advance against royalties in the amount of $4,000, which sum was paid to him and reported as income in the taxable year 1977. The contract also provided that petitioner was to receive a royalty fee on each copy of the book that was sold. During the taxable year 1978, however, he received no royalty payments under the contract. During 1978, the taxable year in issue, petitioner prepared and wrote the book "The Empty Polling Booth." [3] In writing the book, he paid or incurred the following expenses: Dues and publications
$ 130
Insurance
59
Postage
314
Rent
1,402
Telephone
3,289
Travel and entertainment
3,787
Office expenses
724
Secretarial expenses
3,223
Consulting expenses
7,815
Total expenses
$20,743
Petitioner claimed deductions for these expenditures for the taxable year 1978. Respondent disallowed these claimed *439 deductions on the ground that section 280 required petitioner to capitalize the deductions and depreciate them under the income forecast method. The pertinent provisions of section 280, which was enacted as part of the Tax Reform Act of 1976 and amended in 1978, [4] provide as follows: SEC. 280. CERTAIN EXPENDITURES INCURRED IN PRODUCTION OF FILMS, BOOKS, RECORDS, OR SIMILAR PROPERTY. (a) General Rule.--In the case of an individual, except in the case of production costs which are charged to capital account, [5] amounts attributable to the production of a film, sound recording, book, or similar property which are otherwise deductible under this chapter shall be allowed as deductions only in accordance with the provisions of subsection (b). * * * (b) Proration of Production Cost Over Income Period.--Amounts referred to in subsection (a) are deductible only for those taxable years ending during the period during which the taxpayer reasonably may be expected to receive substantially all of the income he will receive from any such film, sound recording, book, or similar property.The amount deductible for any such taxable year is an amount which bears the same ratio to the sum of *440 all such amounts (attributable to such film, sound recording, book, or similar property) as the income received from the property for that taxable year bears to the sum of the income the taxpayer may reasonably be expected to receive during such period. The sole issue for resolution is whether section 280 applies to the expenses petitioner incurred as an author in writing the book entitled "The Empty Polling Booth." Petitioner argues that section 280 is not applicable *441 to authors because the statute was intended to apply to tax shelters. Respondent maintains that, while section 280 was aimed primarily at tax shelters, its language was drafted broadly and encompasses authors. We recently addressed this issue in a comparable factual situation in Garrison v. Commissioner, 86 T.C.     (April 22, 1986). In Garrison, the taxpayer was in the trade or business of being an author and incurred expenses in writing a book. The taxpayer claimed a current deduction for these expenditures which respondent disallowed on the basis that these amounts were subject to the capitalization requirements of section 280. In interpreting section 280, we found that the statute's language was unambiguous and provided that, in the case of an individual, amounts attributable to the production of a book are required to be capitalized and deducted over the life of the income stream generated from the production activity. Since the taxpayer was an individual who incurred expenditures attributable to the writing of a book, we held that those production costs were subject to the provisions of section 280. In reaching our conclusion, we rejected the taxpayer's argument *442 that the legislative history behind section 280 demonstrated unequivocally that the statute was intended to apply to tax shelters and not to authors. Since the instant case is not distinguishable from Garrison and petitioner has not raised any arguments that would cause us to reconsider our holding in Garrison, we find that the costs petitioner incurred in writing his book are subject to the provisions of section 280. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner and Ms. Bryant were husband and wife during 1978. They were subsequently divorced.↩
3. "The Empty Polling Booth" was published by Prentice-Hall, Inc. during 1978.↩
4. Section 280 was added by sec. 210(a) of Pub. L. 94-455, 90 Stat. 1544 (1976), 1976-3 C.B. (Vol. 1) 20, and subsequently amended by sec. 701(m)(2) of Pub. L. 95-600, 92 Stat. 2907 (1978), 1978-3 C.B. (Vol. 1) 141. ↩
5. This Court has held that the expenses incurred by an author, who is in the trade or business of being an author, are ordinary and necessary expenses under sec. 162 and are not capital expenditures under sec. 263. Faura v. Commissioner,73 T.C. 849 (1980). See also Snyder v. United States,674 F.2d 1359 (10th Cir. 1982); Stern v. United States, an unreported case ( C.D. Cal. 1971, 27 AFTR 2d 71↩-1148, 71-1 USTC par. 9375).