**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN PAUL MASSA,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 99-9022
(Tax Court No. 12472-97)
(Petition for Review)

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

This petition for review concerns petitioner's 1992 tax return. [1] The

Commissioner of Internal Revenue (Commissioner) determined a deficiency of

$5,115 in petitioner's 1992 tax return and assessed an addition to tax of $1,279

because the return was not timely filed. The deficiency resulted because the

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Commissioner disallowed certain trade or business deductions and medical expense deductions that petitioner claimed to offset his gross income. Petitioner requested a redetermination of the deficiency, and the Tax Court found that petitioner was not entitled to the claimed deductions and upheld the additions to tax for failing to file a timely tax return. We affirm.

Petitioner argues that the Tax Court erred in upholding the Commissioner's disallowance of his 1992 claimed deduction under 26 U.S.C. § 162(a). Petitioner argues that he incurred ordinary and necessary expenses in carrying on a trade or business in connection with his attempts to sell Melaleuca products in the former Soviet Union. The Tax Court found that petitioner was not carrying on a trade or business during 1992, but rather, was only investigating potential trade opportunities. As support for the ultimate finding, the Tax Court pointed to the lack of evidence that petitioner's communications with and travel to Russia resulted in any completed business transactions. On review, "we must apply the statutory standard of [26 U.S.C.] § 162 to determine whether taxpayer[] . . . incurred expenses 'during the taxable year in carrying on any trade or business.'" *Jackson v. Commissioner*, 864 F.2d 1521, 1524 (10th Cir. 1989). This is a mixed question of law and fact. *See id.* Consequently, we review the Tax Court's factual findings and the inferences drawn therefrom for clear error, and we review *de novo* the application of the law to the facts. *See id.*

> [E]ven though a taxpayer has made a firm decision to enter into business and over a considerable period of time spent money in preparation for entering that business, he still has not engaged in carrying on any trade or business within the intendment of section 162(a) until such time as the business has begun to function as a going concern and performed those activities for which it was organized.

*Id.* at 1525-26 (further quotation omitted). Carrying on a trade or business for purposes of § 162(a) refers to "extensive activity over a substantial period of time during which the [t]axpayer holds himself out as selling goods or services." *Snyder v. United States*, 674 F.2d 1359, 1364 (10th Cir. 1982) (further quotation omitted). Based on this standard, the record supports the Tax Court's findings. Not only is there no evidence that the business had begun to function as a going concern or performed sales activities, the record shows that petitioner had not even made a firm decision to enter into any business in the former Soviet Union. The evidence indicates that petitioner investigated potential trade and sales opportunities but did not carry on a trade or business in 1992.

Petitioner also argues that pursuant to 26 U.S.C. § 213(a), he was entitled to deduct the expense of a special diet required to accommodate his medical condition. The Tax Court upheld the Commissioner's disallowance of the deduction of $2,696 because petitioner failed to establish that his special diet was something other than a substitute for a normal diet, nor did he establish the amount by which his actual food expenditures exceeded the cost of a normal diet.

The cost of a special diet may be deductible under § 213(a) if petitioner shows both that the diet is medically necessary and the amount by which the cost of the special diet exceeds the cost of a normal diet. *See Huff v. Commissioner*, T.C.M. 1995-200 (1995); *Nehus v. Commissioner*, T.C.M. 1994-631 (1994), *aff'd,* No. 95-70566, 1997 WL 75572, at **1 (9th Cir. Feb. 18, 1997) (unpublished). We agree with the Tax Court that petitioner is not entitled to the deduction because he did not establish the amount by which his special diet exceeded the cost of a normal diet.

Finally, petitioner maintains that he should not be held liable for the addition to tax assessed pursuant to 26 U.S.C. § 6651(a)(1) for failing to timely file his 1992 tax return. The statute provides that the addition to tax should not be imposed if the failure to timely file "is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). It is petitioner's burden to show reasonable cause. *See United States v. Craddock (In re Craddock)*, 149 F.3d 1249, 1254-55 (10th Cir. 1998). "Reasonable cause exists if the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time." *Id.* at 1255 (further quotation omitted). Petitioner testified that he believed he was not required to file a tax return in 1992 because his gross income fell below the threshold amount indicated in 26 U.S.C. 6012(a)(1)(A)(i). In calculating his gross income, petitioner mistakenly believed

that his claimed Schedule C business expense deductions and his alleged net operating carryover losses from 1990 and 1991 reduced his 1992 reported gross income below the threshold level for filing a return. The Tax Court found that, in light of the fact that petitioner is a certified public accountant, his failure to understand the term "gross income" was not reasonable cause for his untimely filing.

This is a mixed question of law and fact; we review the Tax Court's factual findings for clear error and its legal conclusions *de novo*. *See In re Craddock*, 149 F.3d at 1255. The Tax Court did not err in finding that petitioner did not show reasonable cause for his untimely filing. AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge