December 29, 1992

CLERK OF COURT
SUPREME COURT. CNMI
FILED

92 DEC 29 A 8: 00

BY: _____

# IN THE SUPREME COURT OF THE COMMONWEALTH
## OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| Guadalupe P. Manglona and Patricia Ann Perez Sablan, | ) ) ) | Appeal No. 91-020 Civ. No. 90-618 |
| Plaintiffs/Appellees, | ) ) | OPINION |
| v. | ) ) | |
| Serafin B. Kaipat, Juliana Kaipat, Ana Somol, et al., | ) ) ) | |
| Defendants/Appellants. | ) ) | |

Argued and submitted February 21, 1992

Attorney for Appellees: David A. Wiseman, Esq.
 Wiseman and Eason Law Office
 P.O. Box 2607
 Saipan, MP 96950

Attorney for Appellants: Jeanne H. Rayphand, Esq.
 P.O. Box 2020
 Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

DELA CRUZ, Chief Justice:

The defendants are challenging (1) a ruling of the Superior Court denying their motion for partial summary judgment, and (2) the final judgment quieting title in favor of plaintiff, Patricia Ann Perez Sablan ("Sablan"). At issue is the validity of a deed of gift executed by Dolores Rapaito, since deceased, in favor of the plaintiffs: Sablan, a person of Northern Marianas descent ("NMD") as defined in Article XII, Section 4 of the

Northern Mariana Islands' Constitution, and Sablan's mother, Guadalupe P. Manglona ("Manglona"), who is not an NMD. In denying defendants' motion for partial summary judgment, the trial court held that the deed of gift as to Sablan is not rendered void under Article XII because it also conveyed to a co-grantee, who cannot take title because of the land alienation restriction under Article XII.

Following a bench trial on the non-Article XII issues, the trial court adjudged that the deed of gift vested sole title to the land in Sablan.

Defendants contend on appeal that the deed of gift constituted a single transaction and that because the transaction was void as to Manglona, the entire deed should be declared void ab initio. They also raise issues relating to the sufficiency of the evidence, the adequacy of the trial court's findings of fact and conclusions of law, the trial court rulings admitting certain evidence, and the denial of their motion for continuance of trial.

We hold that the deed of gift created a tenancy in common and attempted to convey a one-half undivided interest in the property to both Manglona and Sablan. Sablan may take her one-half interest in the property pursuant to the deed of gift. However, Manglona's one-half interest is a "transaction" which is void under Article XII. Therefore, Manglona's one-half interest reverts to Rapaito's estate. Rapaito's heirs or devisees, therefore, take the one-half interest in the property as tenants in common with Sablan.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dolores Rapaito (the "grantor") owned in fee simple a certain parcel of land having an area of 21,846.9 square meters and situated at As Falipe, Saipan. She executed a deed of gift on April 14, 1978, conveying approximately 5,500 square meters of the property to Manglona and Sablan, as grantees. The deed was recorded on April 26, 1978.

Rapaito died intestate on May 14, 1983. Defendants are several of her surviving heirs.

On June 28, 1990, Manglona and Sablan filed the present action to quiet title to the property given them by Rapaito. On July 23, 1990, defendants answered the complaint and filed a counterclaim alleging, inter alia, that the deed of gift was (i) void ab initio because it violates Article XII, (ii) void because it was made without good and valuable consideration, and (iii) void because it was procured by undue influence, fraud, and at a time when the grantor was mentally incompetent. On August 13, 1990, plaintiffs answered the counterclaim denying the allegations.

On February 6, 1991, defendants moved for partial summary judgment on their affirmative defense that the deed of gift, because it was a single transaction made to two grantees, one of whom could not take under Article XII, violates Article XII and was void ab initio. Plaintiffs conceded that "by virtue of the restrictions of Article XII [Manglona] cannot claim title" under the deed of gift; however, they assert that although Manglona cannot legally hold title, Sablan could and did take the entire

327

interest in her name alone.

On February 28, 1991, the trial court entered an order denying defendant's motion for partial summary judgment. In the order, the trial court stated that Article XII:

> [M]eans that a person [who is not an NMD] cannot acquire a prohibited freehold interest by holding title jointly with a qualified person. The provision does not support the proposition that the qualified person [an NMD] loses his or her interest because the other joint grantee or donee is [not an NMD]. . . Section 1 of Article XII of the Constitution does not say the interest of the [NMD] is somehow voided.

Order at 3.

The trial court ruled that Article XII prohibited Manglona at the outset from taking any interest in the land, and, therefore, the deed of gift "vested complete title in Sablan with no tenancy in common." Order at 4. It determined that the failure of Manglona's interest in the property did not mean that the Deed of Gift was somehow reformed: "[t]he inclusion of Manglona's name on the deed is a void act and consequently it can neither be reformed or enforced." Id. at 5, citing, McClure v. Cerati, 194 P.2d 46, 52 (Cal.App. 1948). Finally, it decided that principles of equity could not be applied to cancel the deed of gift because such would work an unjust result on Sablan. Id. at 6, citing, Hesselgrove v. Mott, 160 P.2d 521, 528 (Wash. 1945).

Subsequently, on April 11, 1991, plaintiffs filed a memorandum to set the case for trial. Defendants filed an opposition thereto on April 22, 1991. The case was set for trial on June 24, 1991.

On June 14, 1991, defendants filed a petition for a writ of mandamus with us, and, on June 17, 1991, also filed a motion with

the trial court seeking a stay of the proceedings pending a decision by this Court on their petition for a writ of mandamus. On June 20, 1991, we denied the petition.

Defendants subsequently filed a motion for continuance of trial. Their motion was denied and the trial proceeded as scheduled, from June 24 to 26, 1991. On June 28, 1991, the court entered judgment quieting title in favor of Sablan.

## II. THE ISSUES AND STANDARDS OF REVIEW

On appeal, appellants raise the following issues:

1. Whether the trial court erred in denying defendants' motion for partial summary judgment. The trial court's ruling on a motion for summary judgment is reviewable de novo. Estate of Mendiola v. Mendiola, No. 90-042 (N.M.I. Aug. 28, 1991).

2. Whether the evidence was sufficient to support the trial court's decision. The standard of review for sufficiency of the evidence is whether the evidence, when viewed in a light most favorable to the prevailing party, is sufficient to support the conclusion of the fact-finder. Robinson v. Robinson, No. 89-012, 1 N.Mar.I. 32 (N.M.I. 1990).

3. Whether the trial court's findings of fact and conclusions of law fail to satisfy Rule 52(a) of the Commonwealth Rules of Civil Procedure. The standard of review for determining the adequacy of factual findings is whether the findings are explicit enough on the ultimate issue in the case to give the appellate court a clear understanding of the basis of the decision

329

and enable it to determine the grounds on which the trial court reached its decision. Toombs v. Leone, 777 F.2d 465 (9th Cir. 1985); Louie v. United States, 776 F.2d 819 (9th Cir. 1985).

4. Whether the trial court erred in admitting plaintiffs' Exhibit No. 1. Rulings pertaining to the admission of evidence are reviewed for abuse of discretion. Robinson v. Robinson, supra.

5. Whether the trial court erred in denying defendants' motion for trial continuance. Such ruling is reviewed for abuse of discretion. Guerrero v. Guerrero, No. 90-013 (N.M.I. March 18, 1991).

## III. ANALYSIS

1. The Deed of Gift and Article XII.

Defendants contend that the trial court erred in denying their motion for partial summary judgment. They challenge the ruling that plaintiff Sablan alone took title under the deed of gift. They argue that the deed, being a single transaction, violated Article XII because the same instrument conveyed an interest to a co-grantee who is not an NMD. The deed of gift states, in pertinent part, as follows:

> . . . I, DOLORES Rapaito, . . . sole and legal owner of a real estate property situated in . . . As Falipe, Saipan, . . for and in consideration of natural love and affection which I have and bear unto my cousin-in-law, [Manglona], and my niece, [Sablan], . . . also for the better maintenance, support, and protection of their livelihood, do hereby give, grant, alien, and confirm unto [Manglona and Sablan], their heirs and assigns, in fee simple, all that certain piece of parcel of land . .

* * *

330

TO HAVE AND TO HOLD . . . with all the rights, title, interest and claim thereto, as well as all improvements, easements, hereditaments and appurtenances thereunto belonging to the said [Manglona and Sablan], their heirs and assigns. FOREVER.

Whether a deed of gift is void ab initio because a co-grantee is not an NMD is an issue of first impression. In addressing this question, we turn to Article XII and the common law.

We first need to examine the deed at issue in this case to determine the type of co-tenancy to Manglona and Sablan.[1] At oral argument, the parties stated that the deed created a tenancy in common as opposed to a joint tenancy. Our examination leads us to conclude that the deed created a tenancy in common.

Under the common law, a deed was presumed to convey to the grantees an estate in joint tenancy, which included the right of survivorship. See generally, 48A C.J.S. Joint Tenancy Sections 5, 10 (1981). Under common law principles, when a deed granted property to more than one grantee, the failure of the grant as to one grantee by reason of his or her incapacity to take did not invalidate the grant as to those who were capable of taking.[2]

Over the years, however, most states have enacted statutes limiting estates in joint tenancy and favoring tenancies in

---

[1] In its decision, the trial court did not reach the issue of co-tenancy because it determined that Manglona's interest in the property was void from the outset, and therefore the deed of gift passed title solely to Sablan. Under this logic, the issue of co-tenancy does not arise.

[2] See, McCord v. Bright, 87 N.E. 654, 657 (Ind.App. 1909)("If an estate is limited to two jointly -- the one capable of taking, the other not -- he who is capable shall take the whole . . . ."). See also, 26 C.J.S. Deeds Section 13.

331

common.[3] See, 20 AmJur2d <u>Cotenancy and Joint Ownership</u> Section 11, 27 (1965). Under statutes modifying the common law rule, in order for a deed to convey an estate in joint tenancy, the deed must clearly express an intent to do so. Absent an express intent to create a joint tenancy, the common law as modified by statutes determines that a deed creates a tenancy in common.

By statute, we are required to apply the common law "as expressed in the restatements of the law . . . and, to the extent not so expressed as generally understood and applied in the United States, . . . in the absence of written law or local customary law to the contrary . . . ." See, 7 CMC Section 3401. The restatements of the law do not treat issues regarding the creation of a co-tenancy, nor does the Commonwealth have written law or local customary law on the subject. We therefore resort to the law of co-tenancy as "generally understood and applied in the United States."

The common law as now understood and applied in the U.S. favors tenancies in common, unless the deed specifically states otherwise. We are bound by the common law rule as modified by the various state jurisdictions in interpreting the deed at issue in this case. <u>Ada v. Sablan</u>, No. 90-006, 1 N.Mar.I. 164. 169 (N.M.I. Nov. 16, 1990).

The deed of gift to Manglona and Sablan fails to expressly

---

[3] "These statutes most commonly provide in effect that all grants, devises, or transfers of property made to two or more persons shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy, or, under some of the statutes, <u>unless the instrument clearly discloses an intent to creat [sic] a joint tenancy.</u>" 20 AmJur2d <u>Cotenancy and Joint Ownership</u> Section 11 (1965)(emphasis added).

332

state the type of co-tenancy estate the grantor intended to create. Therefore, under the common law as understood and applied in the U.S., we conclude that the deed conveyed a tenancy in common to the co-grantees with no right of survivorship.[4] Ada v. Sablan, supra.

Article XII prohibits Manglona from taking title or interest to the one-half interest in the property conveyed by the deed of gift. Therefore, her one-half interest in the property reverts to Rapaito's estate. That one-half interest then passes via Rapaito's will, if any, to her devisees, or by the laws of intestate succession to her heirs.[5]

As we explained in Aldan Pierce v. Mafnas, No. 89-003 (N.M.I. July 5, 1991) and Ferreira v. Borja, No. 90-047 (N.M.I. Feb.18, 1992), there can never be a situation where there is an "automatic illegal purpose under Article XII." Ferreira, slip op. at 16. There must first be an acquisition. Then a court may analyze such acquisition to determine if it violates Article XII. If it makes such a determination, then the acquisition, i.e., transaction, becomes void ab initio.

Rapaito's devisees or heirs who take the one-half interest will share a tenancy in common with Sablan. Either of these tenants in common, if they wish, may petition the Superior Court for partition of the property to their respective one-half interest

---

[4] A right of survivorship may attach to a tenancy in common only where such an intent is expressed in the deed. See, 1 ALR 247, "Creation of right of survivorship by instrument ineffective to create estate by entireties or joint tenancy." The deed at issue makes no mention of a right to survivorship.

[5] We do not hold or imply that the defendants/appellants to this action are necessarily the only, or at all, the heirs or devisees of Rapaito. Indeed, Mrs. Rapaito may have other heirs who are eligible to take an interest in the property. But that issue is not before us.

in a separate and subsequent proceeding.

Appellants argue, however, that Article XII, Section 6 renders void any "transaction" made in violation of Section 1. They argue that the term "transaction" should be construed to mean the "entire" deed of gift, which, being but one transaction, is void.[6]

The term "transaction" is not defined in Article XII or by statute. The U.S. Supreme Court has noted that the term has a "flexible meaning." Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, 757 (1926). Although we agree that the deed of gift at issue is technically one transaction in the sense that it is one instrument, we are not persuaded that the entire deed violates Article XII's restriction on land alienation.

Article XII, Section 1 is the substantive provision which restricts land ownership to persons of NMI descent. Where a person who is not of NMI descent acquires title through an instrument of conveyance, only that acquisition is prohibited and subject to being declared void ab initio. The term "transaction" means the acquisition by a non-NMD of an illegal interest in real property. That acquisition is the transaction which is void under Article XII. In this case, the acquisition by Manglona, a non-NMD, is the transaction that is void ab initio.

---

[6] Appellants also suggest that this Court should treat the term "transaction" as having "at least as broad a meaning as the same term" used in Rule 13(a), Com.R.Civ.P. That rule requires a party to bring its counter- or cross-claim in an action if such "arises out of the transaction" which is the subject matter of the lawsuit. As one court noted, for purposes of Rule 13(a), a "transaction" means all facts which constitute the foundation of a claim. Cantrell v. City of Caruthersville, 221 S.W.2d 471, 474. Certainly, appellants' counterclaim arose out of the deed. Rule 13(a) is strictly a rule of procedure, not substantive law, and therefore does not adequately define the term "transaction" for purposes of Article XII.

The purpose of Article XII is to restrict land ownership to persons of NMI descent. To hold that the deed, because it is one instrument, constituted one transaction and, therefore, should be declared void would be to take a narrow, if not myopic, view of Article XII's purpose: limiting land ownership to NMDs.

The purpose of Article XII would not be defeated, circumvented or compromised if Sablan, an NMD, takes a one-half interest in the property under the deed. Section 6 of Article XII is intended to be the enforcement provision for violations of Section 1. While we agree with appellants that Article XII should be strictly enforced, see Aldan-Pierce, supra; Ferrera v. Borja, supra, the term "transaction" cannot be construed so that it abrogates a legitimate acquisition by an NMD co-grantee. Our holding also serves to effectuate, to the extent legally possible, the intent of the grantor as expressed in the deed of gift; Sablan still takes an interest in the property.

2. The Sufficiency of The Evidence

Appellants contend that the evidence presented at trial was insufficient to support the judgment quieting title in favor of Sablan. In particular they question the credibility of plaintiffs' witnesses by pointing to apparent inconsistences in the testimonies of those witnesses. During the three-day trial, the trial court had ample opportunity to assess and weigh the various testimonies and determine the credibility of the witnesses. The trial court

did so.[7]

We accord particular weight to the trial judge's assessment of conflicting and ambiguous evidence. In Re Estate of Rofag, No. 89-019 (N.M.I. Feb. 22, 1991); Aldan v. Kaipat, 2 CR 190 (D.N.M.I. App. Div. 1985), aff'd, 794 F.2d 1371 (9th Cir. 1986). After reviewing the trial record, we are not satisfied that the trial court clearly erred in its assessment of the evidence presented at trial. The assessment of evidence is a trial function. Unless we are firmly convinced that a mistake was clearly committed below, we will not disturb its assessment. Lucky Development Co., Ltd. v. Tokai U.S.A., Inc., 91-003 (N.M.I. April 20, 1992); In re: Estate of Rofag, No. 89-019 (N.M.I. Feb. 22, 1991). Neither are we satisfied that the evidence as found by the trial court, is insufficient, as a matter of law, to sustain the judgement.

3. Adequacy of Factual Findings and Legal Conclusions.

Appellants contend that the trial court's Memorandum Decision failed to meet the minimum requirements of Rule 52(a) of the Commonwealth Rules of Civil Procedure. Rule 52(a) states, in part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, . . . It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of evidence or appear in an opinion or memorandum of decision filed by the court. . .

We adopt the standard set by the U.S. Court of Appeals of the

---

[7] "The court finds the testimony of the plaintiff's witnesses to be credible. The witnesses for the defendants were either not credible or equivocal." Memorandum Decision at 2.

Ninth Circuit regarding the adequacy of factual findings made by a federal trial court. The standard is whether the findings are explicit enough on the ultimate issue in the case to enable the appellate court to have a clear understanding of the basis of the decision and to determine the grounds on which the trial court reached its decision. Toombs v. Leone, 777 F.2d 465 (9th Cir. 1985); Louie v. United States, 776 F.2d 819 (9th Cir. 1985).

In its decision, the trial court "specially" made these findings of fact: (1) Dolores Rapaito executed a deed of gift to Manglona and Sablan, (2) Rapaito owned the property transferred by the deed of gift, (3) plaintiffs' witnesses were credible, (4) defendants' witnesses were "either not credible or equivocal," (5) plaintiffs made no misrepresentation and did not exercise undue influence over Rapaito, and (6) Rapaito was competent, and she knowingly and voluntarily executed the deed of gift. The trial court accordingly concluded, as a matter of law, that defendants' "inadequacy of consideration . . . allegation is a non sequitur . . . [because] [i]t is a deed of gift." The trial court concluded that title "will be quieted in [Sablan]."

The decision adequately sets forth the trial court's findings of fact and its conclusions of law on each of the contested issues in the case and provides us with an understanding of the basis of its decision. Toombs v. Leone, 777 F.2d 465; Louie v. United States, 776 F.2d 819. Since the trial court had already ruled that Sablan could legally take title under Article XII, the remaining issues at trial were fairly straightforward: to determine whether

337

the grantor had freely and knowingly executed the deed of gift. The trial court's decision, although quite brief, contains the necessary factual findings to support its conclusion that the grantor knowingly and voluntarily executed the deed.[8] A more detailed factual finding might be helpful, if not enlightening, but not necessary.[9]

Rule 52(a) does not require a comprehensive factual finding. The contention that the trial court's written decision, because of its brevity and style, is inadequate for purposes of Rule 52(a) is not necessarily correct. So long as the trial judge sets forth the material facts based on the evidence presented as to each of the legal issues raised, and so long as the trial court sets forth its legal conclusions based on such factual findings, Rule 52(a) is satisfied.[10]

### 4. The Admission of Plaintiffs' Exhibit No. 1.

At trial, plaintiffs offered into evidence Exhibit 1, which is

---

[8] Regarding a trial court's fact-finding, one authority writes:

The court need only make brief, definite, and pertinent findings and conclusions upon contested matters. . . . In preparing his findings, the trial judge is not required to assert the negative of each rejected contention as well as the affirmative of those he finds to be correct.

9 C. Wright and A. Miller, Federal Practice and Procedure Section 2579 at 711-12 (West 1971).

[9] The U.S. Supreme Court has held that the trial court should support its determinations with "findings, in such detail and exactness as the nature of the case permits, of subsidiary facts on which the ultimate conclusion of fairness can rationally be predicated." Kelley v. Everglades Drainage Dist., 319 U.S. 415, 420, 63 S.Ct. 1141, 1144, 87 L.Ed. 1485 (1943). Thus, what facts need to be included in the trial court's decision depends upon the nature and complexity of the case. A complex case involving, say, matters of tax law, may require fact-finding which is relatively specific as compared to another case in order to comply with Rule 52(a). See, Synder v. United States, 674 F.2d 1359 (10th Cir. 1982)(complex nature of tax issues required detailed findings in court's decision in order to comply with Rule 52(a)).

[10] Appellees correctly note that Rule 52(b) allows a party, within ten days of the entry of judgment, to move the trial court to "amend its findings or make additional findings." Appellees state, without more, that appellants did not lodge such a motion. (Brief of appellees at 14.) Even so, we do not believe that a party's failure to make a motion under Rule 52(b) somehow hinders it from asserting on appeal that the decision does not comply with Rule 52(a). Nor is such a failure dispositive of the issue.

a photocopy of the deed of gift executed by Dolores Rapaito on April 14, 1978, in favor of the plaintiffs. Defendants objected to the admission of Exhibit 1 on the grounds that it was not an original, not a certified copy, and not a compared copy. The trial court admitted the copy, ruling that defendants had made a judicial admission of the copy as the deed of gift at issue in paragraph 16 of defendants' answer and counterclaim. On appeal, plaintiffs reiterate the trial court's reasoning and further contend that defendants also made a "judicial admission" by attaching the copy of the deed of gift to their motion for partial summary judgment.

We agree with the trial court's basis for admission, but not the additional reason given by plaintiffs. Plaintiffs attached the copy to their complaint as allowed under Rule 10(c), Com.R.Civ.P.[11] In their answer, defendants affirmed that "[t]he claim of plaintiffs is based on that certain writing, a deed of gift, dated April 14, 1978, . . . " Defendants did not deny in their answer that the copy represents the actual deed of gift at issue. Under our Rules of Civil Procedure, allegations of a complaint which are not denied by the opposing party are deemed admitted. Rule 8(d), Com.R.Civ.P. For this reason, we hold the trial court did not err when it admitted Exhibit no. 1. Because the copy was deemed admitted at the pleading stage, its admission at trial was merely a formality.

We do not agree, however, that because the deed of gift was

---

[11] Rule 10(c), Com.R.Civ.P. states, in part, that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

attached to their motion for summary judgment, defendants made a judicial admission. Ordinarily, motions are not pleadings. 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1190 (1990). Merely because documents are attached in support of, or in opposition to, a motion for summary judgment does not mean that the documents have been judicially admitted.

5. The Denial of The Motion for Continuance.

 Defendants contend that the trial court abused its discretion when it denied defendants' motion for a continuance of the trial date. In its order denying the motion, the trial court correctly applied the four-factor test governing continuance we set forth in Guerrero v. Guerrero, No. 90-018 (N.M.I. Mar. 18, 1991). Upon review of the facts and circumstances of the case, we find the trial court did not abuse its discretion in denying the motion.

The trial court found that "[t]he sole purported basis for a continuance is to take the depositions of three persons -- two of whom are the plaintiffs." Order Denying Motion To Take Matter Off Calendar, at 2. The trial court further found that although defendants had approximately two months to do so, they had "not prepared, served or attempted to serve any notice for depositions [and] [t]here are no assertions the three persons are unavailable." Id.[12]

We are not satisfied that defendants diligently pursued

---

[12] It is clear from the record that defendants desired a continuance as early as the date on which the trial court established the trial date. See, Notice of Trial dated April 23, 1991.

340

discovery.[13] Waiting until the eleventh hour to move for a continuance in order to conduct discovery is inexcusable. The fact that the trial court and opposing party may be minimally inconvenienced by a continuance does not mean that a continuance should be granted where, as here, the moving party fails for two months after the trial date was set to even attempt to conduct discovery.

■ Any "harm" which defendants may have suffered as a result of the trial court's denial of a continuance rested with the moving party. To obtain a continuance, the harm which the movant would suffer, if the continuance is not granted, must not be caused by the movant. <u>Guerrero v. Guerrero</u>, <u>supra</u>. Here, the movant had control over, and time to conduct, their discovery agenda.

Under the circumstances presented by this case, we hold that the trial court did not abuse its discretion in refusing to continue the trial date. <u>See</u>, <u>Avery v. Alabama</u>, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

## IV. CONCLUSION

The trial court did not err in denying the defendant's motion for partial summary judgment. However, in ruling on that motion, the court incorrectly held that deed of gift at issue vests title solely in Sablan. We hold that Sablan takes a one-half undivided

---

[13] Appellants allege the trial court erroneously concluded that "there is no evidence the defendants did not have time to take the depositions" because appellants had submitted declarations to the trial court "setting forth other commitments, some of which arose unexpectedly after the court's order of April 23, 1991 [which scheduled the trial date]." Brief of appellants at 46. However busy counsel may be, we will not rule that a mere busy schedule, by itself, is grounds for a continuance.

interest in the property pursuant to the deed of gift. Manglona's one-half interest, which is void under Article XII, reverts to Rapaito's estate. Rapaito's heirs or devisees, therefore, take the one-half interest in the property as tenants in common with Sablan. Either of them may petition the trial court for partition of the land in half.

The judgment of the trial court is hereby **REVERSED** and **REMANDED**. There is no need for a new trial. The right of Sablan to take already has properly been determined by the trial court at a trial on the matter. On remand, the trial court is to enter a judgment decreeing that the property at issue is owned by Sablan and Rapaito's heirs or devisees as tenants in common, each owning an undivided one-half interest therein.

Dated this 29th day of December, 1992.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice