T.C. Memo. 2007-78

UNITED STATES TAX COURT

DANON EUGENE WESLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 407-06.                    Filed April 2, 2007.

Danon Eugene Wesley, pro se.

Bryan E. Sladek, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a deficiency of $8,936
with regard to petitioner's Federal income tax liability for 1996
and a 25-percent addition to tax under section 6651(a)(1) for
failure to file his tax return timely.  After a concession by
petitioner, the issues for decision are whether petitioner was

engaged in the trade or business of recording and producing music during 1996 and whether he is liable for the addition to tax.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

Petitioner resided in Detroit, Michigan, at the time he filed his petition. Petitioner's primary employment for the year in issue was as an engineer.

Petitioner has written and recorded music since at least 1985. Between 1985 and 1996, petitioner occasionally sent taped recordings of his music to various record companies in the hopes of obtaining a recording contract. Petitioner recorded these tapes at a local recording studio. Petitioner saved receipts from some of these visits to the recording studio, specifically those from late 1987 and early 1988, which total approximately $615. In 1996, petitioner spent $20,462 to purchase and install professional recording equipment in his home.

Petitioner filed his Form 1040, U.S. Individual Income Tax Return, for 1996 on January 8, 2004. Petitioner reported gross wages of $95,246 from his employment as an engineer in 1996. He claimed the $20,462 that he spent to purchase and install the home recording equipment as an expense related to his business as

a recording studio/producer on his Schedule C, Profit or Loss From Business, for 1996. Petitioner received no income from his recording activity in 1996 and thus reported a net business loss of $20,462 for that year. As of the time of trial of this case in September 2006, petitioner had not received any income from his recording activity.

## OPINION

Section 162 permits a taxpayer to deduct ordinary and necessary expenses incurred during the taxable year in carrying on any trade or business. Section 183 generally limits the amount of deductions for an activity not entered into for profit to the amount of the activity's income. See sec. 183(b). The notice of deficiency determined that the costs of petitioner's recording activities were startup expenses not currently deductible. The parties agree, however, that the controlling issue is whether petitioner was engaged in a trade or business with regard to his recording activity during 1996. We decide that issue on the preponderance of the evidence, regardless of the burden of proof.

In order to establish that he was engaged in a trade or business, the taxpayer must be continuously and regularly involved in the activity for the primary purpose of making a profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987); see also sec. 1.183-2(a), Income Tax Regs. Whether the taxpayer

engages in an activity with the primary purpose of making a profit is a question of fact to be resolved based on all the facts and circumstances in a particular case. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(a), Income Tax Regs. While the focus of the test for whether a taxpayer engaged in an activity with the intention of making a profit is on the subjective intention of the taxpayer, greater weight is given to the objective facts than is given to the taxpayer's mere statement of his intent. See Stasewich v. Commissioner, T.C. Memo. 2001-30; sec. 1.183-2(a), Income Tax Regs.

Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of relevant factors to be weighed when considering whether a taxpayer engaged in an activity for profit. No one factor is determinative of whether an activity is engaged in for profit. Brannen v. Commissioner, 722 F.2d 695, 704 (11th Cir. 1984), affg. 78 T.C. 471 (1982); Golanty v. Commissioner, supra at 426; sec. 1.183-2(b), Income Tax Regs. The relevant factors are: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other activities for profit; (6) the taxpayer's

history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, that are earned from the activity; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved in the activity. Sec. 1.183-2(b), Income Tax Regs.

The maintenance of complete and accurate books and records, and other indications that petitioner conducted his recording activity in a businesslike manner, would indicate that petitioner may have engaged in the activity for profit. See sec. 1.183-2(b)(1), Income Tax Regs. Petitioner did not, however, carry on his recording activity in a businesslike manner. Petitioner did not keep regular records of expenses and has presented to the Court only a few receipts for studio time in the latter part of 1987 and early 1988, 8 years before the year in issue. There is no evidence that his expenditure of $20,462 was an ordinary and necessary business expenditure for a profit-seeking recording artist in a similar situation. See Dickie v. Commissioner, T.C. Memo. 1999-138.

A taxpayer's substantial investment of time and effort in carrying on an activity, especially if the activity does not have many personal or recreational aspects, may indicate that the taxpayer has a profit objective. See sec. 1.183-2(b)(3), Income Tax Regs. Even if a taxpayer devotes little time and effort to the activity, a profit objective may be indicated by his

employment of qualified persons to conduct the activity for him. See id. There is no evidence regarding how much time petitioner spent pursuing his recording activity during the year in issue. Petitioner's effort with regard to his recording activity in prior years consisted of occasionally sending taped submissions to record companies in the hopes of attaining a recording contract. There is no evidence of regular or continuous steps to promote his recording endeavors prior to or during the year in issue. Petitioner did not devote the time and effort commensurate with the profit-seeking pursuit of developing a recording business. See McMillan v. Commissioner, T.C. Memo. 1989-441.

Although a taxpayer receives no income from operating his enterprise, he may intend to derive a profit from the potential appreciation of his business assets. See sec. 1.183-2(b)(4), Income Tax Regs. There is no evidence that petitioner's recording equipment would potentially appreciate, and we infer that such equipment would instead experience wear and tear over time and thus depreciate in value.

A taxpayer's success in carrying on similar activities and a history of income with respect to his current activity may be evidence of a profit-seeking motivation in engaging in the activity. See sec. 1.183-2(b)(5) through (7), Income Tax Regs. Although petitioner had engaged in his recording activity since

at least 1985, petitioner received no income and had no success from his endeavors in or prior to the year in issue. In the decade since the taxable year in issue, petitioner has received no income from his recording activity.

Substantial income from sources other than the activity may indicate that the activity is not engaged in for profit. See sec. 1.183-2(b)(8), Income Tax Regs. A taxpayer with substantial income unrelated to the activity can more readily afford a hobby. See Stasewich v. Commissioner, supra. Petitioner earned a substantial income in 1996 from his employment as an engineer and had the financial means to make a large expenditure for an unrelated personal pursuit or hobby.

Finally, the presence of personal motives and recreational elements in carrying on an activity may indicate that the activity is not engaged in for profit. Sec. 1.183-2(b)(9), Income Tax Regs. Although musical and artistic endeavors generally have personal and recreational elements, a taxpayer's personal enjoyment in pursuing the activity is not sufficient to negate a profit motive if the other factors listed in section 1.183-2(b), Income Tax Regs., indicate such profit motive. See id. The economic factors discussed above collectively support the conclusion that petitioner was not engaged in his recording activity for profit. The personal and recreational elements inherent in that activity are the most compelling factors in this

case. The preponderance of the evidence leads to the conclusion that the activity was not engaged in for profit.

Petitioner relies on Gestrich v. Commissioner, 74 T.C. 525 (1980), affd. without published opinion 681 F.2d 805 (3d Cir. 1982), for support of his position that his attempts at obtaining a recording contract amount to an active trade or business. In that case, we held that the taxpayer was engaged in the trade or business of being an author because his primary effort was directed toward his self-employment as a writer, he spent a significant amount of time working on his book, he had been paid for his works in prior years, and he was actively attempting to have his book published. Gestrich v. Commissioner, supra at 529. For the reasons set forth above, petitioner's case is distinguishable from Gestrich.

Petitioner also relies on a case in which the Court of Appeals for the Tenth Circuit reversed a lower court's oral finding that a taxpayer was not engaged in a trade or business as a photographic journalist or author, where the taxpayer spent 30 hours per week on his nature photography project, shot 200 rolls of film, produced 3,000 slides, submitted his work unsuccessfully to several publishers, and maintained detailed technical records regarding his endeavor to produce a photographic book. Snyder v. United States, 674 F.2d 1359, 1362-1363 (10th Cir. 1982). The appellate court in that case did not make its own finding that

the taxpayer was engaged in a trade or business with regard to his photographic endeavor, but remanded the case to the trial court to resolve the questions of whether the taxpayer was primarily motivated by his love of photography as a hobby or by a good faith expectation of profit and whether the taxpayer devoted enough time over a substantial period to be engaged in a trade or business. Id. at 1364. The District Court was warned on remand that the mere fact that a taxpayer author has not yet produced a book does not necessitate the conclusion that he is not engaged in a trade or business. Id. at 1363.

The Court of Appeals for the Tenth Circuit in Snyder emphasized that a taxpayer must both possess a good faith profit-making purpose and spend a substantial amount of time over a significant period engaged in the activity in order for that activity to be considered a trade or business. Id. at 1364. For the reasons stated above, including the minimal time and effort disclosed in the record, we conclude that petitioner was not engaged in a trade or business with regard to his recording activity.

Respondent also determined an addition to tax for late filing pursuant to section 6651(a)(1) because petitioner did not file his 1996 return until January 8, 2004. There is no evidence that petitioner applied for an extension of time to file his return.

The parties have stipulated that petitioner filed his 1996 return late. The stipulation satisfies respondent's burden of production under section 7491(c) with respect to additions to tax and penalties. To avoid the addition to tax for late filing, petitioner has the burden of proving that the failure to file did not result from willful neglect and was due to reasonable cause. See United States v. Boyle, 469 U.S. 241, 245 (1985). To prove reasonable cause, a taxpayer must show that he or she exercised ordinary business care and prudence but nevertheless could not file the return when it was due. See Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Because petitioner failed to present any explanation for his late filing, respondent's determination with regard to the section 6651(a)(1) addition to tax is sustained.

To reflect the foregoing,

Decision will be entered for respondent.