T.C. Summary Opinion 2007-143

UNITED STATES TAX COURT

SHARON T. MYRICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8611-06S.                    Filed August 15, 2007.

Sharon T. Myrick, pro se.

<u>Ronald S. Collins, Jr.</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income tax of $4,246 and $135 and accuracy-related penalties under section 6662(a) of $849.20 and $27 for 2002 and 2004, respectively. Respondent concedes both the deficiency and the section 6662 accuracy-related penalty for 2004.

After concessions by petitioner,[2] the issues for decision are: (1) Whether petitioner is entitled to deduct $15,686 for business expenses claimed on her Schedule C, Profit or Loss From Business, for 2002; and (2) whether petitioner is liable for an accuracy-related penalty pursuant to section 6662 for 2002.[3]

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioner resided in Philadelphia, Pennsylvania.

Petitioner was an IRS employee in 2002 and had received training in tax law in the early 1990s. Petitioner claims that she also operated an event-planning business in 2002. Petitioner reported $400 of gross receipts attributable to the alleged

---

[2] Petitioner concedes she is not entitled to deduct $4,746 for medical expenses before the 7.5-percent adjusted gross income limitation or $2,216 for charitable contributions claimed on her Schedule A, Itemized Deductions, for 2002.

[3] Respondent adjusted petitioner's retirement savings credit, education credit, and earned income credit in 2002 as a result of the change in petitioner's adjusted gross income.

event-planning business on her 2002 Schedule C.  Respondent disallowed the deductions that petitioner claimed on her 2002 Schedule C, as follows:

| Expense | Amount |
| --- | --- |
| Utilities | $1,242 |
| Supplies | 1,321 |
| Repairs and maintenance | 1,838 |
| Rent or lease of vehicles, machinery, or equipment | 847 |
| Office expenses | 130 |
| Legal and professional services | 1,250 |
| Depreciation and sec. 179 expense | 2,950 |
| Car and truck expenses | 5,679 |
| Advertising | 429 |
| Total | 15,686 |

## Discussion

A.   Schedule C Business Expenses

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any deductions claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers are required to maintain sufficient records to enable the Commissioner to determine their correct tax liability.  Sec. 6001.

Section 162 generally allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Such expenses must be directly connected with or pertain to the taxpayer's trade or business. Sec. 1.162-1(a), Income Tax Regs. Whether a taxpayer's activities constitute the carrying on of a trade or business is a question of fact requiring an examination of the particular facts and circumstances of each case. Commissioner v. Groetzinger, 480 U.S. 23, 36 (1987). We decide whether petitioner has established that she engaged in a trade or business in 2002 on a preponderance of the evidence.

In order to establish that he or she was engaged in a trade or business, the taxpayer must be continuously and regularly involved in the activity for the primary purpose of making a profit. Id. at 35. "While the focus of the test for whether a taxpayer engaged in an activity with the intention of making a profit is on the subjective intention of the taxpayer, greater weight is given to the objective facts than is given to the taxpayer's mere statement of his intent." Wesley v. Commissioner, T.C. Memo. 2007-78; see also sec. 1.183-2(a), Income Tax Regs.

Petitioner claims that she was engaged in an event-planning business in 2002. Petitioner provided some documents in an attempt to demonstrate that she operated a business and to

substantiate some of the expenses claimed on her 2002 Schedule C. These documents included an alleged customer list, a receipt for a purchased laptop computer, a canceled check for prepaid legal services, receipts for supplies totaling $21.38, a canceled check for postage, invoices for the alleged rental of a postage machine, and phone bills.[4]

Altogether, petitioner's documentation fell woefully short of demonstrating that she was involved in a trade or business and represented only a fraction of the expenses petitioner attempted to deduct on her return. Petitioner testified that she had more records when she prepared her 2002 return than the records she provided to respondent or the Court, but that they had been lost or removed from her computer files. Petitioner also stated that the only business she did in 2002 relating to event planning was a Crab Feast Safety Tour, for which she provided documentation indicating that the tour had been canceled, and that she could not get any more bookings that year.

Evidence of one canceled event, along with a sampling of receipts, canceled checks, and invoices, is insufficient to show that petitioner was continuously and regularly involved in the trade or business of event planning for the primary purpose of

---

[4] Petitioner testified that she kept receipts, but that her son had thrown away many of her receipts by mistake when she replaced some flooring in her house where the records were kept. Petitioner also testified that she kept a notebook in which she recorded expenses, but that she had thrown it away by mistake.

making a profit. Considering the foregoing, we find that petitioner was not involved in an event-planning trade or business in 2002. Petitioner's evidence also failed to show that any of her expenditures were related to income-producing activity. Accordingly, respondent's disallowance of petitioner's 2002 Schedule C deductions is sustained.

B.    Section 6662 Accuracy-Related Penalty

With respect to the accuracy-related penalty under section 6662(a), the Commissioner has the burden of production. Sec. 7491(c). To prevail, the Commissioner must produce sufficient evidence that it is appropriate to apply the penalty to the taxpayer. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer bears the burden of supplying sufficient evidence to persuade the Court that the Commissioner's determination is incorrect. Id. at 447.

Section 6662(a) provides an accuracy-related penalty equal to 20 percent of the underpayment required to be shown on a return due to negligence or disregard of rules or regulations. Sec. 6662(b)(1). For purposes of section 6662, the term "negligence" includes "any failure to make a reasonable attempt to comply with the provisions of * * * [the Code], and the term 'disregard' includes any careless, reckless, or intentional disregard." Sec. 6662(c). "Negligence" also includes any

failure by a taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b), Income Tax Regs.

An accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1); see Higbee v. Commissioner, supra at 448.  This determination is based on all the relevant facts and circumstances.  Higbee v. Commissioner, supra at 448; sec. 1.6664-4(b)(1), Income Tax Regs. "Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a professional such as an accountant."  Higbee v. Commissioner, supra at 448-449.

Petitioner has failed to keep or produce adequate records. Respondent has provided sufficient evidence to meet his burden of production.  Although petitioner had a background in tax law, she failed to show that she kept proper records to establish her entitlement to her claimed deductions.  Petitioner has failed to show she acted with reasonable care or in good faith and has not produced reliable evidence to prove that respondent's determination of negligence is incorrect.  We hold that

petitioner is liable for the accuracy-related penalty under section 6662 for 2002.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.